DAVID C. BERMAN
A Professional Corporation
71 MAPLE AVENUE
MORRISTOWN, NJ 07960
Telephone (201) 631-1000
Facsimile (201) 631-1111
Attorneys for Plaintiff (DCB-6965)

| | |
|---|---|
| IN RE RESORT CONDIMINIUMS INTERNATIONAL, LLC | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>Civil Action No. 06-CV-1222 (PGS) |

**FINAL ORDER AND JUDGMENT**
~~[proposed]~~

WHEREAS, on January 31, 2006, plaintiff Alan Chace, individually and as the proposed representative of all persons similarly situated, filed a class action complaint against RCI, LLC ("RCI") in the Superior Court of New Jersey entitled *Chace v. Resort Condominiums International, LLC*, MRS-L-391-06 (the "Chace Action"); and

WHEREAS, on March 14, 2006, plaintiff Veronica Murillo, individually and as the proposed representative of all persons similarly situated, filed a class action complaint against RCI in the United States District Court for the District of New Jersey entitled *Murillo v. Resort Condominiums International, LLC*, Civil Action No. 06-1222 (PGS) (the "Murillo Action"); and

WHEREAS, on March 22, 2006, RCI removed the Chace Action to the United States District Court for the District of New Jersey, Civil Action No. 06-1352; and

WHEREAS, by Stipulation and Order entered May 22, 2006, the Chace Action and the Murillo Action were consolidated for all purposes into *In re Resort Condominiums International, LLC*, Civil Action No. 06-cv-1222 (PGS) (the "Consolidated Action"); and

WHEREAS, on May 26, 2006, plaintiffs Alan Chace, Kenneth A. Krantz, Josephine Ursini Krantz, Linda Stein, Brian Meyer, Jennifer Meyer, and

Veronica Murillo (collectively, "Plaintiffs") filed a Consolidated and Amended Class Action Complaint (the "Complaint"); and

WHEREAS, the Complaint alleges statutory and common law based claims for relief based on allegations that RCI removed timeshare inventory from the RCI Weeks Exchange Program and used that inventory in RCI's rental program and for other purposes; and

WHEREAS, the Complaint seeks, *inter alia*, injunctive relief, an accounting, compensatory, punitive and treble damages, restitution, and other damages and equitable relief on behalf of a proposed worldwide class of consumers, each of which is a Member (as defined below) or a Former Member (as defined below); and

WHEREAS, RCI filed an Answer to the Complaint in which RCI denied each and every claim asserted therein; and

WHEREAS, Plaintiffs, through their counsel, have conducted an investigation of the facts and analyzed the relevant legal issues, and believe that the claims asserted in the Complaint have substantial merit, weighed the potential risks and costs associated with continued prosecution of the Consolidated Action against the benefits of this Settlement Agreement, and conducted due diligence; and

WHEREAS, RCI conducted an investigation of the facts and analyzed the relevant legal issues, denies the factual allegations and any and all liability with respect to the claims alleged in the Complaint, believes that its defenses to the claims asserted in the Complaint have substantial merit, and weighed the potential risks and costs associated with continued litigation of the Consolidated Action against the benefits of this Settlement Agreement; and

WHEREAS, Plaintiffs and RCI (each, a "Party" and collectively, the "Parties") and their respective counsel believe, in consideration of all the circumstances and after substantial arms' length settlement negotiations between counsel, that the Parties' respective interests are best served by entering into the settlement set forth in the

Settlement Agreement, and that the proposed settlement is fair, reasonable, adequate and in the best interests of the Settlement Class; and

WHEREAS, the Settlement Agreement defines "Member" as a Person who was enrolled in the RCI Weeks Exchange Program and who was a Vacation Owner as of August 31, 2009, and is limited to one Person per RCI account such that a RCI account that includes more than one Person shall be considered one Member. The term Member includes "Corporate Participant" (as that term is defined in the Settlement Agreement). The term Member excludes "Third-Party Entity" (as that term is defined in the Settlement Agreement) and members of the RCI Points exchange program; and

WHEREAS, the Settlement Agreement defines "Former Member" as a Person who was a Member at any time on or after January 1, 2000 and was not a Member as of August 31, 2009, and is limited to one Person per RCI Weeks Subscribing Membership such that an RCI account that included more than one Person shall be considered one Former Member. The term Former Member excludes "Third-Party Entity" (as that term is defined in the Settlement Agreement); and

WHEREAS, the Settlement Agreement defines "Released Claims" as any and all claims, rights, damages, losses, demands, obligations, actions, causes of action, suits, crossclaims, matters, issues, debts, liens, contracts, liabilities, agreements, costs, or expenses, of any nature whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including Unknown Claims (as that term is defined in the Settlement Agreement), of any and all Plaintiffs and/or Settlement Class Members (a)(i) arising out of or related to the RCI Weeks Exchange Program and (ii) based on any facts, transactions, occurrences, conduct, representations, or omissions alleged in the Consolidated Action that occurred prior to the Execution Date (October 8, 2009), or (b) arising from RCI's conduct in complying with this Settlement Agreement; provided, however, that nothing in the definition of Released Claims shall affect the

Settlement Class Members' rights to enforce the provisions of this Settlement Agreement, if necessary; and

WHEREAS, the Settlement Agreement defines "Released Parties" as RCI and all of its past and present officers, directors, servants, sureties, attorneys, employees, controlling or principal shareholders, members, general or limited partners or partnerships, parents, subsidiaries, divisions, affiliates, insurers, and all successors or predecessors in interest, assigns, or legal representatives, solely in their respective capacities as such; and

WHEREAS, the Parties intend that the proposed settlement embodied in the Settlement Agreement will resolve all Released Claims, including Unknown Claims (as that term is defined in the Settlement Agreement) against all Released Parties; and

WHEREAS, the Parties have engaged in intensive, complex, difficult, and hard fought arm's-length negotiations; and

WHEREAS, as a result of those lengthy negotiations, the Parties have been able to reach an agreement to settle the Consolidated Action; and

WHEREAS, by the terms of the proposed settlement of the Consolidated Action, in exchange for the dismissal of the Consolidated Action with prejudice, dismissal of all Released Claims with prejudice, and for entry of this Final Order and Judgment, RCI shall make available all of the benefits and relief set forth in the Settlement Agreement, the terms of which are expressly incorporated by reference herein, in accordance with the procedures set forth therein; and

WHEREAS, on November 20, 2008, the Parties, by their duly authorized counsel, entered into a Settlement Agreement, which provides that, subject to the approval of this Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the claims asserted in the Consolidated Action against RCI were to be settled, compromised and dismissed with prejudice, upon and subject to the terms and conditions set forth therein; and

WHEREAS, by Stipulations and Orders entered on February 24, 2009 (Docket No. 100), August 12, 2009 (Docket No. 210) and October 7, 2009 (Docket No. 249), the Settlement Agreement was modified *nunc pro tunc* to December 23, 2008; and

WHEREAS, on December 23, 2008, this Court entered a Preliminary Approval Order (the "Preliminary Approval Order"), which, *inter alia*:

(a) preliminarily approved the settlement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

(b) conditionally certified, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, a class consisting of all Members and Former Members, and all other Persons included on the account of any Members and former Members (the "Settlement Class");

(c) conditionally found that Plaintiffs are adequate representatives of the Settlement Class;

(d) appointed Green Welling LLP and Cohen Placitella & Roth P.C. as CoLead Class Counsel for the Settlement Class;

(e) set a hearing to take place on June 16, 2009 at 3:00 p.m., before this Court (the "Fairness Hearing"), upon notice to Settlement Class Members;

(f) approved the full settlement Notice, in the form of Attachment 7 to the Settlement Agreement, and the Summary Notice, in the form of Attachment 8 to the Settlement Agreement, which contain instructions for Settlement Class Members to, *inter alia*, obtain the settlement benefits referenced in the Settlement Agreement;

(g) prescribed the methods and period of time for providing notice to Settlement Class Members of, *inter alia*, the proposed Settlement Agreement and the Fairness Hearing, and directed that RCI shall pay all costs associated with providing notice to the members of the Settlement Class;

(h) found that such notice to the Settlement Class Members as described in the Settlement Agreement and the Preliminary Approval Order is the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement to and the Fairness Hearing to Settlement Class Members, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the United States Constitution, the laws of New Jersey, and other applicable laws, and that the Notice and Summary Notice are accurate, objective, informative and provide Settlement Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement Agreement and its fairness.

(i) prescribed the method and period of time during which Settlement Class Members may file requests to be excluded from the Settlement Class;

(j) provided that any Settlement Class Member who does not properly and timely request exclusion from the Settlement Class shall be bound by all of the terms of

the Settlement Agreement, whether or not such person objected to the settlement or made a claim pursuant to the Settlement Agreement;

(k) prescribed the method and period of time during which Settlement Class Members may serve written objections to the settlement and/or the application for an award of attorneys' fees and/or reimbursement of expenses by Co-Lead Class Counsel, and/or notices of intention to appear at the Fairness Hearing; and

(l) preliminarily enjoined all Settlement Class Members who do not personally and timely request to be excluded from the Settlement Class from proceeding against RCI until such time as the Court renders a final decision regarding the approval of the Settlement Agreement and, if the Settlement Agreement is approved, enters a final order and judgment as provided in the Settlement Agreement.

WHEREAS, for purposes of all aspects of the settlement the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

WHEREAS, the settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 23 of Federal Rules of Civil Procedure.

WHEREAS, on May 29, 2009 (Docket No. 186), declarations from the Parties' representatives were filed regarding with this Court regarding proof of the mailing of the Notice, the posting of the Notice and the Settlement Agreement and all attachments thereto on the settlement administrator's website, the use of a link from RCI's website to the settlement administrator's website to provide additional access to the Notice and the Settlement Agreement and all attachments thereto, and publication of the Summary

Notice, as directed in the Preliminary Approval Order, pursuant to which Settlement Class Members were notified of their rights to: (i) request exclusion from the Settlement Class; (ii) select settlement benefits; or (iii) appear at the Fairness Hearing in favor of, or opposition to, the settlement and/or the application of Co-Lead Counsel for award of fees and reimbursement of expenses; and

WHEREAS, the Parties have demonstrated, and the Court finds, that notice of the proposed settlement was provided to the United States Department of Justice and to the Attorneys General of the 50 States, as required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), and specified in 28 U.S.C. § 1715; and

WHEREAS, the Court ordered supplemental notice (Docket No. 211); and

WHEREAS, on November 23, 2009 (Docket No. 460-1) declarations from the parties representatives were filed that demonstrated full compliance with the order of supplemental notice; and

WHEREAS, a Fairness Hearing was duly held as noticed on November 30, 2009; and

WHEREAS, this Court, having heard from Co-Lead Class Counsel on behalf of the Settlement Class, and from RCI's counsel, and having reviewed all other arguments and submissions presented by all Objectors and other interested persons and entities with respect to the settlement and the application of Co-Lead Class Counsel for an award of attorneys' fees and reimbursement of expenses; and

WHEREAS, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Settlement Agreement shall be modified as follows:

   A. <u>Section II.A.2: Balancing of RCI Deposits and Rented Inventory</u>. RCI represents that, on a calendar year basis and by Trading Power Segment, the aggregate quantity of Vacation Time that is deposited by Members and is rented or used

for any other purpose by RCI shall be less than the aggregate quantity of Inventory and Alternative Inventory that RCI or others deposit or contribute, or that RCI otherwise permits to be contributed for Exchange, except that this representation excludes (a) the quantity of Vacation Time that Members deposit to acquire Alternative Inventory (as measured by the aggregate Trading Power of such Vacation Time), and (b) Vacation Time that is not the subject of a Confirmation sixty (60) days prior to the start date of that Vacation Time.

B.   Section II.A.3:   Disclosure of Weeks Program Activity.   RCI agrees that, for the calendar year ending December 31, 2008 and for at least three calendar years thereafter, RCI shall make information available to all Members regarding activity in the RCI Weeks Exchange Program (excluding activity by Members serviced by RCI Japan Co. Ltd. for the calendar year ending December 31, 2008), by Trading Power Segment, during the prior calendar year. Such disclosure shall be in addition to any statutory disclosures RCI may or may not provide. RCI may determine the timing, frequency, and form of such disclosures, provided that the information disclosed by RCI shall be made available within six months after the Effective Date and shall include the following: (1) the total number of units of Inventory deposited more than sixty (60) days prior to the starting date of the deposited Vacation Time, showing the number of such units deposited by each of Members, RCI, or others; (2) the number of Exchanges in the RCI Weeks Exchange Program completed more than sixty (60) days prior to the starting date of the deposited Vacation Time, including the total number of Exchanges involving Members' Vacation Time exchanged for other Members' Vacation Time, the total number of Exchanges involving Members' Vacation Time exchanged for Inventory or Alternative Inventory deposited by RCI, and the total number of Exchanges involving Members' Vacation Time exchanged for Inventory or Alternative Inventory deposited by others; (3) the total number of units of Inventory that were not the subject of an Exchange; and (4) the total number of units of Inventory that were deposited by Members and rented or used for any other purpose by RCI more than sixty (60) days in advance of the starting date of the deposited Vacation Time.

C.   Section II.C:   Priority For Weeks Program Exchange Fulfillment. Commencing no later than one year after the Effective Date and continuing for a period of three years from the date on which the benefit provided in this Section II.C is first made available by RCI or August 31, 2012, whichever is earlier, each Deposit of Vacation Time for the purpose of an Exchange right, made more than ten (10) months in advance of the starting date of such Vacation Time, shall be available exclusively for Exchange by Members and eligible members of the RCI Points exchange program (subject to balancing as required by Section II.A.(2), above) for a period of thirty-one (31) days from the date of Deposit, including the initial Deposit day, and shall not be available for any other purpose, including, without limitation, Rental. In addition, upon each such Deposit of Vacation Time, as well as with respect to Deposits made less than (10) months in advance of the starting date of the deposited Vacation Time, RCI will make available that Vacation Time to satisfy an active and pending Exchange Request, based on the Trading Power criteria set forth in Section IX.A below. If no such Exchange Request exists upon the Deposit date, RCI will make the deposited Vacation

Time available for both Exchange and Rental, should RCI wish to offer the Vacation Time for Rental. Notwithstanding the foregoing in this Section II.C:

        1. RCI may exchange Vacation Time with other exchange programs for the purpose of balancing exchange systems as described in subsection II.A.(2), above, or for the purpose of enhancing Member satisfaction;

        2. RCI may, at any time, rent or otherwise dispose of any Vacation Time that (a) is acquired by RCI and is in excess of the amount of Vacation Time that RCI deposits or has deposited, if any, for the purpose of balancing Inventory available to Members as set forth in Section II.A.2 of this Settlement Agreement or (b) is not the subject of a Confirmation sixty (60) days prior to the starting date of that Vacation Time;

        3. Although not included within the definition of a Member, RCI may, in its sole discretion, permit an Affiliated Resort to make a Deposit and perform an Exchange and provide the Deposit or resulting Confirmation to a Member subject to the terms of this Section II.C and the Terms and Conditions; and

        4. To the extent there is a conflict between the provisions of this Section II.C and the terms of any agreement between RCI and Affiliated Resorts that may limit or otherwise relate to the availability of a Deposit, including but not limited to limitations on the ability of a Member to Exchange for Vacation Time that is located within a certain radius of the Member's Deposit, the terms of RCI's agreement with the Affiliated Resort shall control.

        D.    Section II.I: Time Limitation. Except as otherwise provided herein, and without altering any shorter or longer period that is specified herein, RCI shall not be required to offer or provide any of the Class Benefits identified in this Settlement Agreement for more than three years from the Effective Date.

        2.    Notice to the Settlement Class Members required by Rule 23(c) and (e) of the Federal Rules of Civil Procedure has been provided as directed by this Court in the Preliminary Approval Order and as directed by further order dated August 12, 2009, and such notice having constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws. The Court has considered and overruled the oral and written objections to the content and distribution of the notice.

3. The Settlement Class as provided in the Preliminary Approval Order is unconditionally certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

4. For purposes of all aspects of the settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

5. The settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 23 of Federal Rules of Civil Procedure. The Court considered each of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and, for the reasons stated on the record in open court, finds each of the factors satisfied.

6. The settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of RCI, or any of the Plaintiffs, Settlement Class Members, or Released Parties.

7. Those persons appearing on the list annexed hereto as Exhibit A have properly and timely requested exclusion from the Settlement Class, pursuant to the terms of this Court's Preliminary Approval Order, and are excluded from the Settlement Class, shall not be bound by this Final Order and Judgment, and shall not participate in the proceeds of the settlement hereby approved nor receive any benefit thereunder.

Case 2:06-cv-01222-PGS-ES   Document 687-1   Filed 12/04/09   Page 11 of 12

8. The Consolidated Action is hereby dismissed, with prejudice, on the merits, as against all Plaintiffs and Settlement Class Members, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein or in a separate order of the court, in the Preliminary Approval Order and in the Settlement Agreement as amended.

9. Upon the Effective Date, each Plaintiff and Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Parties, in the manner(s) set forth in the Settlement Agreement.

10. Upon the Effective Date, each Plaintiff and Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims in the manner(s) set forth in the Settlement Agreement..

11. By reason of the settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

12. Upon entry of this Final Order and Judgment, RCI shall no longer be required to disseminate Notice through a link on its website, www.rci.com.

13. Jurisdiction is reserved, without affecting the finality of this Final Order and Judgment, over:

(a) Effectuating, enforcing and administering the settlement and the terms of the Settlement Agreement; and

    (b)    Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense to some or all of the Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order.

Dated: December 4, 2009

                                  */s/ Peter G. Sheridan*
                            HONORABLE PETER G. SHERIDAN, U.S.D.J.