

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re RESORT CONDOMINIUMS INTERNATIONAL, LLC | Civil Action No. 06-cv-1222 (PGS)<br><br>MEMORANDUM AND ORDER |

**SHERIDAN, U.S.D.J.**

This is a class action brought on behalf of individuals who participate in a timeshare exchange system known as the RCI Weeks Exchange Program. On December 4, 2009, the Court entered final judgment granting final approval to a settlement. Prior to entering final judgment, the Court reviewed voluminous submissions from the parties and objections from class members, and conducted an extensive fairness hearing on November 30, 2009, which included oral arguments from class counsel, counsel for defendant Resort Condominiums International, LLC ("RCI"), and objectors to the class, some of whom were represented by counsel. Currently before the Court is Barbara Beasley, et al.'s (collectively, the "Collins Objectors")[1] motion for attorneys' fees and costs, which seeks $59,904.00 for pro hac vice counsel Susan B. Collins.[2] For the following reasons, the

---

[1] For purposes of this memorandum and order it is unnecessary to enumerate the names of all of the Collins Objectors.

[2] Objectors Ron Hempling and Emil A. Biendara's (collectively, the "Willett Objectors") also filed a motion for attorneys' fees and costs seeking $1,326,717.62 for pro hac vice counsel Stephan Willett and $59,904 for local counsel Stephen Tsai. However, that motion was

Collins Objectors' motion is denied.[3]

It is well settled amongst district courts in this circuit that "an objector to a class action settlement is not generally entitled to an award of counsel fees." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d 563, 565 (D.N.J. 2003), *aff'd*, 103 Fed. Appx. 695 (3d Cir. 2004) (internal quotations and alterations omitted); *accord In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 520 (W.D. Pa. 2003); *Martin v. Foster Wheeler Energy Corp.*, No. 3:06-CV-0878, 2008 WL 906472, at *9 (M.D. Pa. March 31, 2008); *Spark v. MBNA Corp.*, 289 F. Supp. 2d 510, 513 (D. Del. 2003). Given this presumption, an objector may only obtain counsel fees by demonstrating that their actions "substantially enhanced the benefits to the class under the settlement." *Spark*, 289 F. Supp. 2d at 513. For example, if objectors successfully challenge an award of attorneys' fees to class counsel, they have substantially enhanced the benefits to the class. *Spark*, 289 F. Supp. 2d at 513 (citing *Prudential Ins. Sales Practices*, 273 F. Supp. 2d at 565).

The Collins Objectors have not demonstrated that their work substantially enhanced the benefits to the class. Although all of the arguments of Ms. Collins were thoroughly considered, they did not meaningfully alter the settlement. *Cf. Martin*, 2008 WL 906472, at *10 (noting that district courts in the Third Circuit generally require a monetary benefit to the class, not simply advancement of non-frivolous litigation). The Collins Objectors assert that they are solely responsible for amending Sections II.A.2 and II.3 to include "or any other purpose." (Collins Decl. ¶ 11.) However,

---

withdrawn on April 1, 2010. (Docket Entry 777.)

[3] In addition to the submissions of the Collins Objectors and RCI, the Court also considered a brief filed by objector Linda Hartlieb in opposition to the attorneys' fees motions. Hartlieb, who is represented by Douglas A. Cole, retained a forensic economist and filed an expert report objecting to the settlement. Hartlieb is not, however, seeking reimbursement of attorneys' fees or costs in this matter.

2

as RCI points out, that change was largely a "clarification." (RCI Br. at 4.) Indeed, the Collins Objectors concede that, for the most part, they are not "solely responsible" for any changes to the settlement because Ms. Collins was not a party to the majority of negotiations. (Collins Decl. ¶¶ 11.) Moreover, the Collins Objectors admit that they did not create any monetary value for the class. (Collins Reply Br. at 5.)

To the contrary, at certain points, Ms. Collins conflicted with Mr. Willett (who has withdrawn his attorneys's fees motion) through misleading statements placed on various timeshare web sites. As a result of those statements and a subsequent telephone conference, the Court ordered a disclaimer posted on any further out-of-court statements in order to maintain accurate information regarding the settlement. (Docket Entry 446.) Accordingly, the Collins Objectors' motion for attorneys' fees and costs is denied.[4]

It is therefore **ORDERED** on this 7th day April 2010 that the Collins Objectors' motion for attorneys' fees and costs is denied. (Docket Entry 751.)

_____
HON. PETER G. SHERIDAN, U.S.D.J.

---

[4] The Court further notes that the amount of fees requested is too high. For instance, Ms. Collins does not provide adequate basis for her $400.00 hourly rate.

3